IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND BROWN,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**CAMPBELL,** *et al.*,<br><br>　　　　　　**Defendants.** | **CIVIL ACTION NO. 23-2771** |

**MEMORANDUM**

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**October 13, 2023**

　　　　Plaintiff Raymond Brown filed a *pro se* Complaint raising claims pursuant to 42 U.S.C. § 1983 for constitutional violations arising out of his parole revocation.[1] For the reasons below, the Court will dismiss Brown's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.　　FACTUAL ALLEGATIONS**[2]

　　　　Brown asserts claims against the following Defendants: Parole Hearing Examiner Douglas H.E. Campbell; Lakeisha Cooper, identified as the Director of the Northwest Philadelphia Parole Office; and Parole Supervisors Marcus Ortiz and Michael Shillingford.[3] Brown alleges that, on June 20, 2023, an individual filed a "Spanish written statement" claiming that "'Raymond' engaged in assaultive behavior."[4] According to Brown, the individual provided

---

[1] Compl. [Doc. No. 2]. Brown also filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 1] and a Motion for Emergency Injunction [Doc. No. 3]. On August 30, 3023, Brown was granted leave to proceed *in forma pauperis*. [Doc. No. 10]. On the same date, his Motion for Emergency Injunction was denied. [Doc. No. 9].

[2] The allegations set forth in this Memorandum are taken from Brown's Complaint [Doc. No. 2]. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] Compl. ¶¶ 2–5 [Doc. No. 2].

[4] *Id.* ¶ 12.

a green card for identification and did not positively identify Brown, but Defendants Cooper, Ortiz, and Shillingford nevertheless issued a "5C violation" against Brown based on the statement, purportedly without probable cause.[5] Brown claims that on June 22, 2023, he presented himself at Ortiz's office and was arrested, at which time Ortiz and Shillingford took Brown's wallet, car, keys, clothing, and two bags whose contents are not identified.[6]

According to Brown, on June 30, 2023, Defendants processed paperwork to detain him, and on July 6, 2023, he appeared before Defendant Campbell for a preliminary hearing addressing the alleged "assaultive behavior" as a technical violation of Brown's parole.[7] Brown alleges that, at the hearing, Ortiz was permitted to translate the statement lodged against Brown despite not being a certified translator, and that Ortiz was permitted to testify despite not being placed under oath.[8] Brown avers that Campbell then ordered Brown's detention, and that Cooper agreed, notwithstanding a lack of probable cause.[9]

Brown claims that Cooper, Ortiz and Shillingford engaged in the described conduct in retaliation against Brown "for engaging in free speech and expression of his thought of Defendants . . . ."[10] He alleges that his detention is in violation of his constitutional rights and has resulted in the infliction of emotional distress, pain, and economic loss.[11] He describes suffering from mental illness and a history of suicide attempts, which he suggests place him at

---

[5] *Id.* ¶¶ 13–14.

[6] *Id.* ¶¶ 15–16.

[7] *Id.* ¶¶ 17–18.

[8] *Id.* ¶ 19.

[9] *Id.* ¶¶ 20–21.

[10] *Id.* ¶ 22.

[11] *Id.* ¶¶ 24–26.

risk of imminent harm because of his detention.[12] He claims that Defendants have violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.[13] He requests several forms of relief: (1) a declaration that his rights were violated;[14] (2) an injunction vacating his parole violation, releasing him from detention, and pardoning his convictions or commuting his existing sentence;[15] and (3) an award of money damages.[16]

## II.   STANDARD OF REVIEW

Brown has already been granted leave to proceed *in forma pauperis*.[17] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[18] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "At this early stage of the litigation, [the Court] accept[s] the facts alleged in [Plaintiff's] *pro se* complaint as true, draw[s] all reasonable inferences in [his] favor, and ask[s] only whether that complaint, liberally construed, contains facts sufficient to state a plausible . . .

---

[12] *Id.* ¶¶ 27–28.

[13] *Id.* ¶ 31.

[14] *Id.* ¶ 33.

[15] *Id.* ¶ 36.

[16] *Id.* ¶ 34. Attached to Brown's Complaint is an Exhibit that includes a handwritten but unsigned Declaration by Brown and several completed prison grievance forms reciting the same facts alleged in the Complaint. Brown Decl. Ex. A [Doc. No. 2-1]. It appears that Brown's grievance was denied. *Id.* at 2.

[17] Ord., Aug. 30, 2023 [Doc. No. 10].

[18] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

claim."[20] Conclusory allegations do not suffice.[21] As Brown is proceeding *pro se*, the Court construes his allegations liberally.[22]

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[23]

Brown claims that he was found to have committed a parole violation without probable cause following a hearing at which his constitutional rights were violated. He also claims that his resulting detention violates his constitutional rights. He requests that the parole violation be vacated and, further, he requests a pardon and commutation of his earlier sentence for which he was serving parole. Brown cannot bring these claims under § 1983.

Brown challenges the fact of confinement and seeks release based on an allegedly defective probation revocation hearing, but such claims can only be brought in a petition for writ of habeas corpus.[24] "[A] § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."[25] In other words, Plaintiff cannot bring a § 1983 claim

---

[20] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation marks and original modifications omitted).

[21] *Iqbal*, 556 U.S. at 678.

[22] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[23] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[24] *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole.").

[25] *Gilles v. Davis*, 427 F.3d 197, 208–09 (3d Cir. 2005) (interpreting *Heck v. Humphrey*, 512 U.S. 477 (1994)).

challenging the Parole Board's decision to revoke his parole and cannot bring an action for money damages under § 1983 unless there has already been a ruling that the Parole Board's action was invalid.[26]

The same is true with regard to his earlier convictions.[27] Brown must file a habeas corpus petition if he seeks to vacate the earlier convictions on the ground that they were obtained in violation of his constitutional rights.[28] Brown's claim for such relief, which is effectively habeas relief, will therefore be dismissed.

Brown also requests declaratory relief that his rights have been violated. However, declaratory relief is not available to adjudicate past conduct,[29] "[n]or is declaratory judgment meant simply to proclaim that one party is liable to another."[30]

Because neither Brown's parole violation nor his convictions have been reversed—or otherwise been declared invalid or called into question in the context of a habeas corpus or other

---

[26] *Williams*, 453 F.3d at 177. In *Williams*, as here, the plaintiff instituted a § 1983 action against his parole officer following the revocation of his parole, alleging the officer "seized him without probable cause and caused him to be arrested and falsely incarcerated." 453 F.3d at 176. The parole officer arrested plaintiff for technical violations of his parole, including his failure to obtain approval to change his employment and residence. *Id.* at 175. The United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of the case because a finding for plaintiff on his § 1983 claims against the parole officer would necessarily demonstrate the invalidity of the revocation decision, which had not been rendered invalid. *Id.* at 177.

[27] *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."); *Repotski v. AMS Law, P.C.*, 710 F. App'x 112, 113 (3d Cir. 2018) (per curiam) ("[T]o the extent that Repotski is asking the Court to vacate his conviction, a § 1983 complaint is not the proper vehicle for his request.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).

[28] Brown previously filed a habeas petition, which was denied. *Brown v. Tice*, No. 16-4281, 2017 WL 4563086 (E.D. Pa. Aug. 25, 2017), *report and recommendation adopted*, 2017 WL 4547911 (E.D. Pa. Oct. 11, 2017). If Brown seeks to file a second or successive petition regarding his earlier conviction, he must first obtain permission from the Court of Appeals for the Third Circuit.

[29] *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also Andela v. Admin. Off. of U.S. Cts.*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

[30] *Corliss*, 200 F. App'x at 84 (per curiam) (citation omitted); *see also Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) (per curiam) ("A declaratory judgment is available to define the legal rights of parties, not to adjudicate past conduct where there is no threat of continuing harm.") (citing *Waller v. Hanlon*, 922 F.3d 590, 603 (5th Cir. 2019)).

proceeding—and since success on Brown's claims would necessarily imply the invalidity of the parole violation or convictions, the case must be dismissed.

Finally, Brown has filed a motion to amend his complaint.[31] The motion is governed by Rule 15 of the Federal Rules of Civil Procedure. "Under Rule 15(a), if a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, *or futility of amendment*."[32] The Third Circuit has long held that leave to amend "must be granted when amendment *could cure the deficiency* and would not be inequitable."[33] It is within a district court's discretion to decide whether to grant or deny a motion to amend based on one of the established exceptions.[34] For example, "[a] district court may deny leave to amend a complaint where," as here, "it is apparent from the record that . . . the amendment would be futile."[35]

Brown's motion requests a 60-day period to amend his complaint and states that he intends to "add new Defendants" and a new "cause of action."[36] There are no defendants or causes of action which Brown could add which would cure the deficiencies described above, at least with respect to this case. Barring a showing that Brown's parole violation or his prior convictions have been reversed, vacated, or otherwise invalidated, any amendments to his

---

[31] Pl.'s Mot. Amend Compl. [Doc. No. 13].

[32] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (emphasis added) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

[33] *Grayson*, 293 F.3d at 105–06 (emphasis added).

[34] *Id.* at 108 (quoting *Foman*, 371 U.S. at 182).

[35] *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (quotation marks omitted) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

[36] Pl.'s Mot. Amend Compl. [Doc. No. 13].

Complaint would be futile.[37] The Court will therefore deny Brown's motion to amend his complaint.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss Brown's Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown will not be permitted to file an amended complaint. Rather, he may file a new civil action to raise his claims if his underlying convictions or parole violation are reversed on direct appeal or otherwise invalidated. An order will be entered.

**BY THE COURT:**

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[37] If Brown seeks to pursue claims under § 1983 that do not call into question the validity of his convictions or parole revocation proceedings (such as claims relating to the conditions of his confinement) he may file a new action in this Court. Moreover, the Court's dismissal of Brown's claims in this case is explicitly without prejudice to him filing a new action if his underlying parole violation or convictions are reversed, vacated, or otherwise invalidated.