IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BROWN<br><br>**Plaintiff,**<br><br>v.<br><br>DOUGLAS H.E. CAMPBELL, et al.<br><br>**Defendants.** | CIVIL ACTION NO. 23-2771 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                         **April 3, 2024**

Before the Court are four motions filed by Plaintiff Raymond Brown, who is proceeding *pro se*. The motions were filed in response to the Court's Memorandum Opinion and Order dismissing without prejudice Brown's Complaint for failure to state a claim and denying his motion to amend the Complaint.[1] The motions seek to vacate the dismissal to permit Brown to pursue both the dismissed claims and claims that Brown seeks to add. For the reasons set forth below, the motions will be denied, and this case will remain closed.

## I.     BACKGROUND

Brown's Complaint asserted claims against Parole Hearing Examiner Douglas H.E. Campbell, Director of the Northwest Philadelphia Parole Office Lakeisha Cooper, and Parole Supervisors Marcus Ortiz and Michael Shillingford.[2] Brown claimed that he was detained without probable cause and that, following a hearing, he was found to have violated the terms of his parole, resulting in his further detention.[3] He asserted violations of his rights under the

---

[1] *Brown v. Campbell*, No. 23-2771, 2023 WL 6796560 (ED. Pa. Oct. 13, 2023).

[2] *Id.* at *1.

[3] *Id.*

First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and he requested, *inter alia*, an injunction vacating his parole violation and ordering his immediate release from detention, as well as an award of money damages.[4]

The Court dismissed Brown's claims on two grounds. First, Brown's challenge to the fact of his confinement and his request for release had to be pursued in a petition for writ of habeas corpus, not a § 1983 action.[5] Next, to the extent that Brown's § 1983 claims called into question the validity of his underlying conviction and subsequent parole revocation, those claims could not "be maintained unless the conviction [had] been reversed on direct appeal or impaired by collateral proceedings."[6] Because the conviction and finding of a parole violation were extant at the time Brown filed his Complaint, the Court held that his claims could not be maintained. The Court also denied Brown's then-pending motion to amend the Complaint because, the Court held, the deficiencies resulting in the dismissal of Brown's Complaint could not be cured by the addition of new claims or new Defendants, therefore amendment would be futile.[7] The Court made clear that Brown could file a new civil action to pursue his claims if his underlying conviction or parole violation were reversed on appeal or otherwise invalidated.[8] In response to the dismissal, Brown filed the present motions.[9]

---

[4] *Id.*

[5] *Id*. at *2 (citations omitted).

[6] *Id*. (quoting *Gilles v. Davis*, 427 F.3d 197, 208–09 (3d Cir. 2005) (interpreting *Heck v. Humphrey*, 512 U.S. 477 (1994))).

[7] *Brown*, 2023 WL 6796560 at *4.

[8] *Id*.

[9] Brown also filed an amended complaint immediately after the dismissal of this case. Am. Compl. [Doc. No. 16]. The Amended Complaint was stricken. Order, Oct. 24, 2023 [Doc. No. 17]. The Court explained that the claims asserted in the Amended Complaint "continue[d] to assert claims arising from [Brown's] incarceration and the seizure of his personal belongings pursuant to the Parole Board's determination that Brown violated his parole conditions," and that "such claims cannot be brought under 42 U.S.C. § 1983 unless there has already been a ruling that the Parole Board's action or Brown's underlying convictions were invalid." *Id.* at n.1.

In his first Motion for Reconsideration,[10] Brown contends that the Court's dismissal of his Complaint without leave to amend amounted to an error of law. He requests that the Court reopen the case and allow him to change his cause of action—in effect, to file a new civil action.[11] Brown's first Motion to Amend also requests leave to amend his claims to change his cause of action.[12] A proposed Second Amended Complaint attached to that Motion asserts claims against Ortiz, Cooper, Jones, and Lugo.[13] Brown alleges that in July 2022, Cooper and Ortiz placed a GPS device on Brown's leg too tightly, causing injury.[14] He further alleges that, in February 2023, Ortiz, Cooper, and Jones placed a second GPS device his other leg, again too tightly and again causing injury.[15] Brown contends that the defendants named in his proposed Second Amended Complaint ignored his claims of pain, and that as a result of their conduct and the resulting pain, he attempted suicide in late February 2023.[16] Brown also alleges that on an unidentified date, Cooper, Ortiz, and Lugo confiscated Brown's cash, keys, wallet, and bags with an estimated value of $9,600, seemingly in connection with an arrest.[17] The proposed Second Amended Complaint asserts violations of the Fourth, Eighth, and Fourteenth Amendments and seeks money damages and the return of Brown's property.[18]

---

[10] Pl.'s First Mot. Reconsideration [Doc. No. 18].

[11] *Id.* at 1.

[12] Pl.'s First Mot. Amend at 1 [Doc. No. 19].

[13] Pl.'s Proposed Second Am. Compl. at 1 [Doc. No. 19-1]. Jones and Lugo are identified by name only in the proposed Second Amended Complaint; Brown does not identify their positions or affiliations. *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 2.

[17] *Id.*

[18] *Id.* at 3.

In his second Motion to Amend, Brown alleges that on October 19, 2023, the parole violation giving rise to his original Complaint was reversed, vacated or otherwise invalidated, and that Brown expected to be released from detention on October 27, 2023.[19] Brown seeks reconsideration of the Court's Order dismissing his original Complaint, permission to revive the claims asserted in the original Complaint, and permission to add new claims thereto.[20] Brown asserts that the Court's direction to Brown to file a new civil action in the event his conviction or parole violation were overturned constituted an error of law and prejudiced Brown by requiring him to pay the filing fee for this case and a second filing fee for a new case.[21] Brown's second Motion for Reconsideration repeats his previous arguments—*i.e.*, that it was an error of law for the Court to deny his motion to amend the original Complaint to add new Defendants and claims.[22] Brown's motions are ripe for decision.

## II.      STANDARD OF REVIEW

A motion for reconsideration to alter or amend a judgment, brought pursuant to Federal Rule of Civil Procedure 59(e), must be filed no later than 28 days after the entry of judgment and should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[23]

---

[19] Pl.'s Second Mot. Amend at 1 [Doc. No. 20].

[20] *Id.* at 1–2.

[21] *Id.* at 2.

[22] Pl.'s Second Mot. Reconsideration at 2–3 [Doc. No. 22].

[23] *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

"[W]hen a timely motion to amend the complaint is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors, and leave to amend must be assessed for undue delay, bad faith, prejudice to the opposing party, or futility."[24] "Therefore, the fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying [amendment and reconsideration]."[25]

## III.   DISCUSSION

Brown's timely motions seek both reconsideration of the dismissal of his original Complaint and leave to amend that pleading to add new parties and claims.[26] His motions must be denied because the Court did not err when it dismissed Brown's original Complaint, and further because the proposed Second Amended Complaint—the acceptance of which would violate Federal Rules of Civil Procedure 15(d) and 20—cannot cure the deficiencies identified in the original Complaint, rendering the proposed amendment futile. Thus, denial of Brown's requests for reconsideration and amendment is proper.[27]

### A.   Failure to Cure

As noted, the Court dismissed Brown's claims because (1) Brown's challenge to the fact of his confinement and request for release were properly pursued in a petition for writ of habeas

---

[24] *Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020) (internal quotations omitted); *see also Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) ("We have held that '[w]here a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors.'" (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001)).

[25] *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (internal quotations omitted).

[26] Brown prefers to pursue in this case both the constitutional claims asserted in his original Complaint and unrelated claims against different defendants, rather than filing one or two new civil actions. Pl.'s Second Mot. Amend at 2 [Doc. No. 20]. He asserts that to require him to file a new case would prejudice him because he would then be required to pay two filing fees. *Id.* Brown was granted leave to proceed *in forma pauperis* in this case. Because he was a prisoner during the relevant period, under the Prison Litigation Reform Act, he was required to pay the entire fee in installments. The docket reflects that Brown paid the entire fee in this case. [Doc. No. 26].

[27] *See Ahmed*, 297 F.3d at 209.

corpus, not a § 1983 action, and (2) Brown's claims that called into question the validity of his

underlying conviction and parole revocation, could not "be maintained unless the conviction

[had] been reversed on direct appeal or impaired by collateral proceedings."[28]

Brown argues that because his parole revocation has now been reversed, his original

case should be re-opened so that he can pursue his claims. This is not possible. The § 1983

claims challenging the parole revocation dismissed by the Court were barred under *Heck*. These

claims did not accrue and become cognizable until Brown achieved a favorable termination of

the challenged parole revocation, at which point, his claims accrued and the statute of

limitations began to run.[29] Because Brown's claims did not accrue until after this case was

dismissed, he is required to file a new civil action to pursue them. Brown's proposed Second

Amended Complaint does not and cannot cure the deficiencies upon which the Court based its

dismissal of this case, thus amendment would be futile. Accordingly, the motions for

reconsideration and to amend must be denied.

### B.    Violation of Fed. R. Civ. P. 15 and 20

Even if Brown's proposed Second Amended Complaint did cure the deficiencies giving

rise to the dismissal of this case, it would nevertheless be subject to dismissal for violating

Federal Rules of Civil Procedure 15 and 20, therefore allowing amendment would still be futile.

As Brown stated in his first Motion to Amend, his intent was to "change the cause of action, the

caption, and the parties."[30] The proposed Second Amended Complaint attached to Brown's

motion asserted claims against Ortiz, but also new Defendants Cooper, Jones, and Lugo,

---

[28] *Brown*, 2023 WL 6796560 at *2–3 (quoting *Gilles*, 427 F.3d at 208–09 (interpreting *Heck*, 512 U.S. 477)); *see also Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (claims challenging revocation of parole or probation are barred by *Heck*).

[29] *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).

[30] Pl.'s First Mot. Amend at 1 [Doc. No. 19].

alleging that Ortiz, Cooper and Jones caused injury by placing GPS tracking devices on Brown's legs improperly and that Cooper, Ortiz and Lugo improperly confiscated Brown's personal property on an unspecified date.[31]

"[A] court determining whether to grant a motion to amend to join additional [parties] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."[32] Federal Rule of Civil Procedure 15(a) governs amendment and provides that the court should freely grant leave to amend when justice so requires.[33] Rule 20(a)(2) governs joinder of defendants and permits such joinder if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."[34]

Brown's proposed amendment is improper under Rule 20(a)(2) because the claims asserted against the Defendants in the proposed Second Amended Complaint do not arise from the same series of transactions or occurrences, and do not involve a common question of law or fact. Brown's original Complaint challenged the constitutionality of the proceeding that resulted in the revocation of his parole, but the proposed Second Amended Complaint challenges conduct that resulted in physical injuries to Brown in circumstances completely removed from the parole revocation process. The factual and legal issues in the proposed Second Amended Complaint share nothing in common with the claims asserted in the original Complaint.

---

[31] Pl.'s Proposed Second Am. Compl. at 1–2 [Doc. No. 19-1].

[32] *Exeter Twp. v. Frankowiak*, No. 17-2709, 2018 WL 1898630, at *3 (E D. Pa. Apr. 20, 2018) (quoting *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001)).

[33] Fed. R. Civ. P. 15(a)(2).

[34] Fed. R. Civ. P. 20(a)(2).

Therefore, joinder of proposed new Defendants Cooper, Jones and Lugo would be improper under Rule 20(a).

Additionally, the proposed Second Amended Complaint cannot be construed as a supplemental pleading. Federal Rule of Civil Procedure 15(d) governs supplemental pleadings, and states as follows: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[35] "Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time."[36] Brown's original Complaint was filed on July 17, 2023.[37] The events described in the proposed Second Amended Complaint occurred on July 20, 2022 and February 9, 2023.[38] Because these events occurred before the Complaint in this case was filed, Brown's request to supplement his Complaint to add these claims must be denied.[39] For this reason, too, Brown's motions to amend must be denied.

---

[35] Fed. R. Civ. P. 15(d).

[36] *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188 (3d Cir. 1979).

[37] Compl. [Doc. No. 2].

[38] Pl.'s Proposed Second Am. Compl. at 1–2 [Doc. No. 19-1].

[39] *Carpenter v. Cohen*, No. 06-1451, 2008 WL 268056, at *4 (E.D. Pa. Jan. 28, 2008) (denying *pro se* litigant's request to supplement amended complaint where events described in proposed supplemental pleading transpired before litigant filed the amended complaint).

**IV.    CONCLUSION**

For the foregoing reasons, Brown's Motions to Amend and Motion for Reconsideration will be denied. This case will remain closed. Brown may file new civil actions if he intends to pursue the § 1983 claims previously dismissed in this case or the claims included in his proposed Second Amended Complaint. An appropriate order follows.